UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21931-JEM-MARTINEZ/SANCHEZ

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN SCHEDULE
A HERETO,

    Defendants.
_____/

**R**EPORT AND **R**ECOMMENDATION ON **P**LAINTIFF'S **M**OTION FOR **P**RELIMINARY **I**NJUNCTION

This matter is before the Court on Plaintiff XYZ Corporation's Motion for Preliminary Injunction.[1] ECF No. 28. Plaintiff seeks the entry of a preliminary injunction against Defendants[2] based on alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 (trademark infringement) and 1125(a) (false designation of origin), and claims of common law unfair competition and common law trademark infringement.

The Court held a hearing on August 14, 2025, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion. Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel. Having reviewed Plaintiff's motion, its

---

[1] The Honorable Jose E. Martinez referred Plaintiff's motion for preliminary injunction to the undersigned. ECF No. 30.

[2] Defendants are the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified in Schedule A to the Complaint. ECF No. 7-1; *see also* ECF No. 1.

accompanying attachments, the record, the relevant legal authority, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction, ECF No. 28, be **GRANTED**.

## I.   BACKGROUND

Plaintiff is the owner of the federally registered trademark for "MODLILY" (the "Plaintiff's Trademark"), as described identified in Paragraph 4 of the Declaration of William R. Brees. *See* ECF No. 19-1 at ¶ 4; *see also* ECF No. 7-2; ECF No. 7-6. Plaintiff's Trademark is a brand used in connection with the sale of women's fashion and apparel products. *See* ECF No. 1 at ¶ 6; ECF No. 7 at ¶ 6; ECF No. 19-1 at ¶ 4; ECF No. 7-2; ECF No. 7-6 at ¶ 5.

Defendants, by operating e-commerce stores on the Walmart platform under the seller names identified on Schedule "A" (the "E-commerce Store Names"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of Plaintiff's Trademark. *See* ECF No. 19-1 at ¶¶ 4-5; *see also* ECF No. 19-2 at ¶ 3 (Declaration of Melissa Henderson); ECF No. 7-3 (screenshot evidence of infringing activity).

Plaintiff has submitted sufficient evidence showing that each Defendant has infringed on Plaintiff's Trademark. *See* ECF Nos. 7-3, 7-6, 19-1, 19-2. Defendants are not now, nor have they ever been, authorized or licensed to use Plaintiff's Trademark. *See* ECF No. 19-1 at ¶¶ 11-12; ECF No. 7-6 at ¶ 14.

Plaintiff's counsel "performed, supervised, and/or directed investigations related to Internet-based infringement" of Plaintiff's Trademark. ECF No. 19-1 at ¶ 11. Through visual inspection of the products listed for sale on Defendants' E-Commerce Store Names, Plaintiff's counsel determined that Defendants were using Plaintiff's Trademark without authorization to offer knockoff products of inferior quality and price for sale to consumers in the United States.

*See id.; see also* ECF No. 7-6 at ¶ 17.  Plaintiff's representative accessed the e-commerce stores operating under each Defendants' E-commerce Store Names and placed orders for the purchase of various products, all bearing and/or using counterfeits of Plaintiff's Trademark at issue in this action.  *See* ECF No. 19-2 at ¶¶ 3-5.  The counterfeit products, which were made available for purchase on Defendant's E-Commerce Store Names, were shipped and delivered or en route to Plaintiff's representative in the State of Florida.  *See id.*

On April 28, 2025, Plaintiff filed an initial complaint (ECF No. 1) against Defendants for trademark infringement, in violation of 15 U.S.C. § 1114 (Count I), false designation of origin, in violation of 15 U.S.C. § 1125 (Count II), common law trademark infringement (Count III), and common law unfair competition (Count IV).  *See* ECF Nos. 1, 7.  On May 6, 2025, Plaintiff filed its Motion for Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by E-Mail and/or Electronic Publication. ECF No. 8.  Pursuant to the Court Omnibus Order (ECF No. 9), Plaintiff filed a Renewed *Ex Parte* Motion for Temporary Restraining Order, including a Temporary Asset Restraint and Expedited Discovery on May 27, 2025 (ECF No. 12).  On May 30, 2025, the Court entered a Sealed Order Authorizing Alternate Service of Process (ECF No. 15); on June 30, 2025, the Court entered a Sealed Order Granting Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets (ECF No. 21); and on July 11, 2025, the Court also granted Plaintiff's Renewed Motion for Expedited Discovery (ECF No. 25).

Plaintiff served each Defendant by e-mail with a copy of the complaint, Plaintiff's Motion for Preliminary Injunction, and the Order Setting the Preliminary Injunction Hearing and Briefing Schedule.  *See* ECF Nos. 27, 29, 32.

## II.  LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

As outlined below, Plaintiff has submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See generally, e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against defendants who failed to respond or appear in the case, after plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

## III.  ANALYSIS

The declarations and exhibits submitted by Plaintiff in support of its motion for preliminary injunction support the following conclusions of law:

A.  Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that (1) consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of Plaintiff's Trademark, and that (2) the products that Defendants are selling and promoting for sale are unauthorized copies or counterfeits of Plaintiff's products that bear and/or use unauthorized copies of Plaintiff's Trademark.

4

B. Because of the infringement upon Plaintiff's Trademark, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's complaint, motions, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued.

    i. Defendants own or control commercial Internet-based e-commerce stores operating under their seller names on the Walmart.com marketplace platform which advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiff's rights; and

    ii. There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's Trademark will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these counterfeit and infringing products; that Plaintiff is being deprived of control over the quality of goods associated with Plaintiff's Trademark; and that Plaintiff may suffer loss of sales for its genuine products and damage to its reputation among consumers.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a seller of brand products if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to protect Plaintiff's Trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

## IV.     CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction, ECF No. 28, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1)     Each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them having notice of this Order are hereby restrained and enjoined until further Order of this Court from the following:

  a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using Plaintiff's Trademark, or any confusingly similar trademarks; and

  b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using Plaintiff's Trademark, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using Plaintiff's Trademark, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2)     Each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiff's Trademark or any confusingly similar trademarks, on or in connection with all e-commerce stores owned, operated,

or controlled by them, including the Internet based e-commerce stores operating under the seller names identified on Schedule "A" hereto (the "E-commerce Store Names").

(3) Each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiff's Trademark, or any confusingly similar trademarks within domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms that are visible to a computer user or serves to direct computer searches to e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the E-commerce Store Names.

(4) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names and shall take all steps necessary to retrieve computer files relating to the use of the E-commerce Store Names that may have been deleted before the entry of this Preliminary Injunction.

(5) Upon Plaintiff's request, to the extent not already done, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiff the true identities and contact information of those registrants.

(6) Upon receipt of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"), and their related companies and affiliates shall immediately, to the extent not already done, (i) identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the E-

commerce Store Names, payees, merchant identification numbers, financial accounts, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Preliminary Injunction; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) divert those restrained funds to a holding account for the trust of the Court;

   (7) Upon receipt of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained.  Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.  No funds restrained by this Preliminary Injunction shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal, and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court.

(8)     Any Defendant or financial institution account holder subject to this Preliminary Injunction may petition the Court to modify the asset restraint set out in this Preliminary Injunction.

(9)     This Preliminary Injunction shall apply to the E-commerce Store Names, associated e-commerce stores and financial accounts, and any other e-commerce store name or financial accounts that are being used by Defendants for the purpose of counterfeiting Plaintiff's Trademark and/or unfairly competing with Plaintiff.

(10)    This Preliminary Injunction shall no longer apply to any Defendant or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

(11)    This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date set by the Court or stipulated to by the parties.

(12)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court.  In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

(13)    In addition, for the purpose of providing additional notice of this proceeding and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the e-commerce stores, and/or financial institutions, payment processors, banks, escrow services, and money transmitters, and marketplace platforms, including but not limited to, PayPal, and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel

with any e-mail addresses known to be associated with Defendants' respective E-commerce Store Names.

---

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. The parties shall accordingly have **until August 21, 2025,** to file and serve any written objections to this Report and Recommendation. Failure to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of August, 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
     Counsel of Record

## SCHEDULE A

| NO. | SELLER'S NAME | LINK TO SELLER'S WEBSITE |
|---|---|---|
| 1 | **HNGS Co Ltd** huainangongshaoyinkaidianzishangwuyouxiangongsi | https://www.walmart.com/global/seller/102755206 |
| 2 | **Huuilaibazoo** GuangZhouShiMaiZiJiaJuYouXianGongSi | https://www.walmart.com/global/seller/101646364 |
| 3 | **Arnsht** Shenzhenshiyouminsijiajuyongpinyouxiangongsi | https://www.walmart.com/global/seller/102576475 |
| 4 | **TUTUTUZENG** shenzhenshiyajieshipinyouxiangongsi | https://www.walmart.com/global/seller/101294799 |
| 5 | **Lojfuhg** Guangzhoufangushipinyouxiangongsi | https://www.walmart.com/global/seller/101570102 |
| 6 | **YanHoo** DongGuanShiWeiHongDianZiKeJiYouXianGongSi | https://www.walmart.com/global/seller/101227950 |
| 7 | **Aobny Fashion** shen zhen shi ji ke man wang luo ke ji you xian gong si | https://www.walmart.com/global/seller/101618722 |
| 8 | **Hooksoon** shenzhenyuandongxingdianzishangwuyouxiangongsi | https://www.walmart.com/global/seller/101486771 |
| 9 | **Awdenio Official Store** guangzhouqiantaishengfushiyouxiangongsi | https://www.walmart.com/global/seller/101525274 |
| 10 | **Jjayotai** guangzhou funuopei shangmao youxian gongsi | https://www.walmart.com/global/seller/101176645 |